446 A.2d 970

**Leonard BLUMBERG**

**v.**

**Joan A. Marple BLUMBERG, Appellant.**

Superior Court of Pennsylvania.

Argued May 11, 1981.

Filed June 11, 1982.

508

E. Lawrence Hannaway, Philadelphia, for appellant.

Madaline B. Tomlinson, Media, for appellee.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

On June 29, 1979, appellee-husband filed an action in divorce against appellant-wife. Appellant filed preliminary objections. Preliminary objections were dismissed and on January 17, 1980 appellant filed her answer and counter-claim. A master's hearing was scheduled for April 29, 1980, but was continued at appellant's request. On September 4, 1980, appellant filed a petition to proceed under the Divorce Code of 1980. No answer to such petition was filed. After oral argument, which was not recorded, the lower court dismissed appellant-wife's petition on October 6, 1980. This appeal followed.[1]

This court, sitting en banc, has held that an order, denying an application that the divorce action proceed under the new Divorce Code, is appealable. *Gordon v. Gordon*, 293 Pa.Superior Ct. 491, 439 A.2d 683.[2] Therefore, appellee's conten-

___

1. Appellant after unsuccessfully applying to the lower court for a stay or supersedeas, filed such application with this court which was granted on December 5, 1980.

2. MONTEMURO, J., filed a concurring opinion. POPOVICH, J., filed a concurring opinion. SHERTZ, J., filed a concurring and dissenting

tion presented prior to *Gordon*, that the order is interlocutory and therefore unappealable is not a correct statement of the law. Judge Spaeth's opinion in *Gordon*, joined by seven other members of this court set forth the extent of the trial court's authority in denying or granting such an application.

The *Gordon* majority held that:

"when the application was presented, the lower court should have asked whether granting it would further 'the policy of the Commonwealth' as declared by the legislature when it enacted the Divorce Code. 23 P.S. § 102. As applied to the facts of this case, that means that the lower court should have asked whether granting the application would 'deal[ ] with the realities of matrimonial experience,' 23 P.S. § 102(a)(1), '[m]itigate the harm to the spouses,' 23 P.S. § 102(a)(4), and '[e]ffectuate economic justice,' 23 P.S. § 102(a)(6)." *Id.* at 685.

In this case, appellant's petition averred that unless she was permitted to seek equitable distribution, support for two minor children, and alimony pursuant to the Divorce Code of 1980, she would "suffer grave and irreparable harm and injury and a substantial loss of her rights and interests...."

The lower court opined "that no equitable considerations exist[ed] in favor of allowing" appellant to proceed under the new code. The court found that she was currently employed and that a partition action was available for the division of joint property. The majority decisions in *Gordon* holds that the court in such situations must exercise "some discretion", however, the range of discretion is "extremely narrow". That discretion is limited to considering whether the grant of the request would be consistent with the Divorce Code, 439 A.2d at 692. The lower court in *Gordon* denied the application finding: "no equitable considerations" existed for such; and that the wife would have a right to seek a partition of joint property. This court found that the lower court "consistently ignored the policy of the

opinion in which HESTER, J., joined. WIEAND, J., filed a dissenting opinion.

Commonwealth and the objectives the legislature intended to achieve by enacting the Divorce Code." *Id.* at 695.

In the current appeal, the opinion below likewise demonstrates that the court failed to heed "the policy of the Commonwealth and the objectives the legislature intended . . . ." The trial court's reasoning closely tracts that of the trial court in *Gordon.* Therefore, we must reverse the order below; the application is granted and the case is remanded for further proceedings not inconsistent with this opinion.

Order reversed and case is remanded. We do not retain jurisdiction.